# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MAQUET CARDIOVASCULAR LLC, | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | Civil Action No. |
| v. | ) | 17-12311-FDS |
| | ) | |
| ABIOMED, INC., ABIOMED R&D, INC., | ) | |
| and ABIOMED EUROPE GMBH, | ) | |
| | ) | |
| Defendants/Counterclaimants | ) | |
| | ) | |

## MEMORANDUM AND ORDER ON ABIOMED'S
## MOTION FOR SUPPLEMENTAL CLAIM CONSTRUCTION

**SAYLOR, J.**

This is an action for patent infringement.  It is the second lawsuit between the parties concerning a line of intravascular blood pumps.  *See Abiomed, Inc. v. Maquet Cardiovascular LLC*, No. 16-cv-10914-FDS (D. Mass.) ("*Abiomed I*").  In this case ("*Abiomed II*"), plaintiff Maquet Cardiovascular LLC has sued defendants Abiomed, Inc., Abiomed R&D, Inc., and Abiomed Europe GmbH for infringing U.S. Patent No. 10,238,783 (filed Sept. 21, 2018) ("the '783 patent").  Defendants (collectively, "Abiomed") have counterclaimed for declaratory judgment of noninfringement.

Abiomed has moved for supplemental claim construction as to the term "guide mechanism" in claim 1 of the '783 patent, contending that it should be construed as a means-plus-function term under 35 U.S.C. § 112(f).  Because the Court finds that Abiomed has waived its proposed claim construction, the motion will be denied.

I.      **Background**

Plaintiff Maquet Cardiovascular LLC is the owner of a family of patents relating to guidance systems for intravascular blood pumps.  As relevant here, Maquet is the owner of the U.S. Patent No. 7,022,100 (filed Sept. 1, 2000) ("the '100 patent") and U.S. Patent No. 10,238,783 (filed Sept. 21, 2018) ("the '783 patent").  Both patents stem from provisional application No. 60/152,249 (filed Sept. 3, 1999).

On May 19, 2016, Abiomed filed the first lawsuit seeking a declaratory judgment that its Impella devices do not infringe the '100 patent and five other patents and that the patents were invalid.[1]  Maquet then filed a counterclaim seeking a declaratory judgment and damages for infringement.

During the *Abiomed I* claim-construction proceedings, Abiomed contended that the term "guide mechanism adapted to guide said intravascular blood pump" in claim 16 of the '100 patent should be construed as a means-plus-function term under 35 U.S.C. § 112(f).  In support of that argument, it distinguished the functional "guide mechanism adapted to guide" term in claim 16 from structural "guide mechanism configured as a lumen" terms in other claims.[2]

On September 7, 2018, the Court issued its claim-construction order in that case. (*Abiomed I*, Dkt. No. 241).  It agreed with Abiomed and construed the "guide mechanism" term in claim 16 as a means-plus-function term.  (*Id.* at 47).  The Court also construed certain other "guide mechanism" and "lumen" terms to include the disclaimer-based limitation that the

---

[1] *Abiomed I* originally concerned infringement of six patents owned by Maquet:  U.S. Patent Nos. 7,022,100; 8,888,728; 9,327,068; 9,545,468; 9,561,314; and 9,597,437.  The scope of the case has been narrowed to claims 16 and 17 of the '100 patent.

[2] Specifically, it contrasted the '100 patent, claim 16 term "guide mechanism adapted to guide" with the '728 patent, claim 1 term "guide mechanism is configured as a second lumen" and '068 patent, claim 10 term "guide mechanism configured as an elongate lumen."  (*Abiomed I*, Dkt. No. 188, at 49-50; *Abiomed I*, Dkt. No. 230, at 117-18).

guidewire lumen does not extend through the free space between the rotor blades.  (*Id.* at 25).

Abiomed later moved for summary judgment of noninfringement as to the '100 patent, which the Court granted.  (*Abiomed I*, Dkt. Nos. 472, 972).  The Court entered final judgment and, on September 29, 2023, Maquet appealed.  (*Abiomed I*, Dkt. Nos. 1005, 1008).  Among other issues, Maquet challenged the Court's construction of the "guide mechanism" term in claim 16 as a means-plus-function term.

During *Abiomed I*, the PTO issued U.S. Patent No. 9,789,238 ("the'238 patent"), which was a descendant of the patents at issue in that case.  Maquet sought to add allegations of infringement of the '238 patent, but Abiomed objected, so Maquet agreed to assert those claims in a separate lawsuit.  Maquet then filed this action.

On March 26, 2019, the PTO issued the '783 patent, which is a divisional of the '238 patent.  Maquet then amended the complaint in this case to add allegations of infringement of the '783 patent.  The suit has since been narrowed such that only claims of infringement of the more recently issued '783 patent are at issue.

During the claim-construction proceedings in this case, Abiomed did not seek to construe the term "guide mechanism comprising a lumen" in claim 1 of the '783 patent as a means-plus-function term.  It did contend that that term should include the disclaimer-based limitation that the guidewire lumen "does not extend through the free space between the rotor blades" and is "not distal to the cannula."  On September 12, 2022, the Court issued its claim-construction order in this case. (Dkt. No. 248).  The Court agreed with Abiomed and construed the term "guide mechanism" with those limitations.  (*Id.* at 14-15).

Maquet then stipulated to noninfringement based upon the Court's construction of certain terms. (Dkt. No. 274).  The Court entered a final judgment, and Maquet appealed on June 13,

3

2026. (Dkt. Nos. 275, 276).

On March 21, 2025, the Federal Circuit vacated the Court's claim-construction order and remanded for further proceedings. *Abiomed II*, 131 F.4th 1330 (Fed. Cir. 2025). It found that the "guide mechanism comprising a lumen" term in claim 1 did not contain the limitation of being "not distal to the cannula." *Id.* at 1341.

On remand, the parties jointly proposed a schedule for the remainder of the case that did not include supplemental claim construction. (Dkt. No. 285). The Court adopted that schedule and discovery resumed. (Dkt. No. 286).

On June 30, 2025, after the close of fact discovery, Abiomed moved for supplemental claim construction of a "newly emerged claim construction dispute" over whether the "guide mechanism" term in claim 1 was a means-plus-function term similar to the "guide mechanism" term in claim 16 of the '100 patent. (Dkt. No. 362, at 1). On September 22, 2025, Abiomed withdrew that motion without explanation. (Dkt. No. 404).

In early October 2025, the parties moved for partial summary judgment. On October 15, 2025, the Court scheduled trial for this case for May 11, 2026.

On February 9, 2026, the Federal Circuit affirmed the Court's *Abiomed I* construction of the "guide mechanism" term in claim 16 of the '100 patent as a means-plus-function term. *Abiomed I*, 2026 WL 346501, at *7 (Fed. Cir. Feb. 9, 2026). It vacated the order in part on other grounds and remanded.

On April 10, 2026, one month before trial, Abiomed again moved for supplemental claim construction of the "guide mechanism" term in claim 1 of the '783 patent as a means-plus-function term. (Dkt. No. 613). That motion is now before the Court.

## II.    Analysis

Abiomed seeks supplemental claim construction of the term "guide mechanism

comprising a lumen" in claim 1 of the '783 patent as means-plus-function term under 35 U.S.C. § 112(f). It contends that supplemental claim construction is warranted because of (1) the Federal Circuit's recent affirmance of the Court's *Abiomed I* construction of "guide mechanism" in claim 16 of the '100 patent as a means-plus-function term, *Abiomed I*, 2026 WL 346501, at *6-7 (Fed. Cir. Feb. 9, 2026), and (2) the decision in *Magnolia Med. Techs., Inc. v. Kurin, Inc.*, 169 F.4th 1094, 1106 (Fed. Cir. Mar. 6, 2026), confirming that the addition of structural language that is insufficient to perform the claimed function invokes § 112(f). Under the Court's *Abiomed I* finding of noninfringement of the '100 patent, Abiomed maintains that such a construction would mean that the accused products do not infringe claim 1 or dependent claim 3. (Dkt. No. 651, at 5).

Maquet responds that Abiomed's motion should be denied because the law of the case precludes Abiomed's proposed construction; the claim term in the '783 patent is different from the term in the '100 patent; and it is precluded under the doctrines of judicial estoppel, forfeiture, and waiver. The Court finds that, at the very least, Abiomed has waived its proposed claim construction of the "guide mechanism" term. It therefore does not reach the other grounds for denying the motion.

The Court has discretion to preclude parties from injecting new claim-construction theories where the court has prescribed specific procedures and a party has failed to adhere to them. *Bettcher Indus., Inc. v. Bunzl USA, Inc.*, 661 F.3d 629, 640-41 (Fed. Cir. 2011); *see also SanDisk Corp. v. Memorex Prods. Inc.*, 415 F.3d 1278, 1292 (Fed. Cir. 2005). Failing to raise claim-construction arguments in a timely manner ordinarily results in waiver. *See Cent. Admixture Pharm. Servs. Inc. v. Advanced Cardiac Sols., P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007) (affirming district court finding that defendant "waived any argument with respect to [a]

term by failing to raise it during the claim construction phase"); *Fenner Inv. Ltd. v. Microsoft Corp.*, 632 F. Supp. 2d 627, 638 (E.D. Tex. 2009) (noting that where a proposed construction "is contrary to the claim construction order and was not raised prior to or even following the claim construction hearing it is waived"); *Apple Inc. v. Samsung Electronics Co. Ltd.*, 2014 WL 252045, at *3-4 (N.D. Cal. Jan. 21, 2014) ("Nor are [courts] obligated to rule on claim construction arguments presented for the first time in summary judgment briefs.").

The time for claim construction has come and gone. The Court held claim-construction proceedings in 2019 and issued its claim-construction order in 2022. Parts of that order were appealed in 2023 and the Federal Circuit ruled on that appeal in 2025. On remand, the parties jointly proposed a schedule that said nothing about claim construction. Abiomed had ample opportunity over that six-year period to propose that the "guide mechanism" term in the '783 patent should be construed as a means-plus-function claim, and it failed to do so.

Abiomed first moved for its proposed construction in June 2025. It then withdrew that motion without explanation. Maquet (and the Court) was entitled to rely on Abiomed's implicit representation that it was no longer seeking supplemental claim construction of the "guide mechanism" term in its motions for summary judgment and trial preparation. That is particularly true given that Abiomed's proposed construction would purportedly knock out two of the asserted claims. Under the circumstances, renewing the motion for supplemental claim construction one month before trial is untimely.

Nor do changed circumstances excuse any delay. Abiomed had the Court's *Abiomed I* claim-construction order in hand before claim-construction proceedings in this case even began. It had the opportunity to contend that the same term across related patents should be construed in the same way. And it used that opportunity. Abiomed proposed, and the Court accepted, that

the "guide mechanism comprising a lumen" term in the '783 patent should have the same disclaimer-based limitation that the Court applied to several terms concerning the lumen in *Abiomed I*.  Notably, it did not propose that the "guide mechanism" term in the '783 patent should have the same means-plus-function interpretation as the "guide mechanism adapted to guide" term in claim 16 of the '100 patent.  In fact, in *Abiomed I*, it argued that "guide mechanism configured as a lumen" terms were *dissimilar* to claim 16.  While Abiomed may have been able to distinguish the "guide mechanism" term in the '783 patent or disclaim its prior arguments, it made no attempt to so.  The Federal Circuit's affirmance of the Court's construction of the "guide mechanism" term in the '100 patent therefore says nothing new about the Court's construction of the "guide mechanism" term in the '783 patent.

Furthermore, the *Magnolia* decision does not purport to create a new rule but merely applies existing law.  *See Magnolia*, 169 F.4th at 1106 ("The 'essential inquiry is . . . whether the words of the claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning as the name for structure." (quoting *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1348 (Fed. Cir. 2015) (en banc)).  Abiomed could have sought to apply that law in the claim-construction proceedings but chose not to.

In sum, Abiomed had an ample opportunity to seek its proposed construction of the "guide mechanism" term, and it did not do so in a timely manner.  Its motion for supplemental claim construction is therefore waived.

III.    **Conclusion**

For the foregoing reasons, Abiomed's motion for supplemental claim construction is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV

F. Dennis Saylor IV

Dated:  May 6, 2026                    United States District Judge